UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORIO QUEZADA                          CIVIL ACTION

VERSUS                                    NO: 15-781

AVOYOLLES CORRECTIONAL CENTER             SECTION: "B"


ORDER AND REASONS

Before the court is Gregorio Quezada's ("Petitioner") petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus.[1] The Petitioner filed the application on February 27, 2015, and it was subsequently referred to United States Magistrate Judge Shushan to determine whether a hearing is necessary for disposition.[2] Magistrate Judge Shushan issued a Report and Recommendation on May 18, 2015, wherein she recommended that the petition be denied and dismissed with prejudice.[3] Petitioner filed timely objections to Report and Recommendation on May 27, 2015.[4]

For the reasons enumerated below, **IT IS ORDERED** that the Magistrate's Report and Recommendation is **ADOPTED**, overruling instant objections to the same; the instant habeas corpus petition is **DISMISSED WITH PREJUDICE.**

---

[1] Rec. Doc. 1-2
[2] Rec. Doc. 12
[3] Rec. doc. 12
[4] Rec. Doc. 14

Cause of Action and Facts of Case:

Petitioner was convicted of carnal knowledge of a juvenile under La. Rev. State. Ann. § 14:80 on July 1, 2008 in the Criminal District Court for the Parish of Orleans. On October 10, 2008, he was sentenced to nine years imprisonment.[5] After multiple denials of post-conviction relief, the state trial court granted him an out-of-time appeal.[6] His conviction was then affirmed by the Louisiana Fourth Circuit Court of Appeal on May 21, 2014, and thereafter, his related writ application was denied by the Louisiana Supreme Court.[7] On March 2, 2015, Petitioner filed a petition for writ of habeas corpus with the United States District Court for the Western District of Louisiana.[8] After a motion to proceed *in forma pauperis* the case was transferred to this Court and the motion was granted.[9]

The record reflects, in June of 2007 at the age of fifteen, the victim ("D.M.") moved from New Jersey to New Orleans with the Petitioner.[10] Petitioner was a friend of the family and relocated to New Orleans with D.M. in order to assist her in

---

[5] Rec. Doc. 12 at 1 (citing *State v.* Quezada, 141 So.3d 906, 910 (La. App. 4th Cir. 2014)
[6] *Id.* at 2
[7] *Id.* at 2
[8] Rec. Doc. 1 at 1
[9] Rec. Doc. 4,6
[10] Rec. doc. 12 at 5-6(citing *State v.* Quezada, 141 So.3d 906, 910 (La. App. 4th Cir. 2014)

finding a job and lodging.[11] According to D.M., the reason for her move was family trouble at home, including an incident in which her father raped her.[12] Upon reaching New Orleans, Petitioner and D.M. resided together locally in a trailer.[13] D.M. stated that she and Petitioner had sexual intercourse twice during the time they lived together.[14] D.M. testified that during the same time, there was an occurrence where Petitioner drunkenly punched her, which prompted her to move out of the trailer and begin living with a female friend she had befriended at a truck stop.[15] D.M. revealed the past events to the friend, who advised her to contact the police to notify them of the incident and also to move home to her mother.[16]

The two girls went to the St Bernard Parish Sheriff's office where D.M. spoke with Deputy Janeel Young.[17] After D.M. explained her situation to the deputy, Officer Kurt Coulon of the New Orleans Police Department ("NOPD") child abuse unit arrived and spoke with D.M. about her claims.[18] Officer Coulon later testified in the state trial court that D.M.'s truck stop friend knew Deputy Young.[19] D.M. then led Officer Coulon to the

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

3

trailer where the Petitioner lived.[20] After Officer Coulon knocked on the window and identified himself, Petitioner exited the trailer with two friends present and was arrested upon the charge of Carnal Knowledge of a Juvenile.[21]

Petitioner's trial began on July 1st, 2008. The trial judge began the proceeding with a colloquy aimed at confirming Petitioner's voluntary waiver of his to right to jury trial.[22] Because the Petitioner's first language is Spanish, an interpreter was present during all trial proceedings.[23] Petitioner claimed at trial that he never engaged in sexual intercourse with D.M., and was a father figure to her.[24] To impugn D.M.'s credibility, Petitioner alleged she was violent, partied late at nights, and had problems in school.[25] Petitioner's counsel further attempted to attack D.M.'s credibility by repeatedly raising allegations that D.M. was engaged in prostitution at the truck stop, but the trial judge deemed that line of questioning irrelevant and sustained multiple objections from the state.[26] The judge further indicated that a hearing would be necessary if the defense intended to

---

[20] *Id.*

[21] State Rec., Vol. II of III, Transcript of the Judge Trial dated July 1, 2008 at 3-6; State Rec., Vol.; *State v. Quezada*, 141 So.3d 906, 910 (La. App. 4th Cir. 2014).

[22] State Rec., Vol. II of III, Transcript of the Judge Trial dated July 1, 2008 at 3.

[23] *Id.* at 3

[24] *Id.* at 42, 47

[25] *Id.* at 41, 44

[26] *Id.* at 26

introduce the allegations at trial.[27] Defense did not move for such a hearing, therefore it never occurred.[28]  Neither Deputy Young nor D.M.'s friend from the truck stop were called by either side to testify at trial.[29]

On March 16, 2010, Petitioner filed an application for post-conviction relief with state trial court claiming he has a right to a direct appeal and the he received ineffective assistance of counsel for failure to: object to the sentence imposed, file a motion for reconsideration, or file a motion for appeal.[30] The trial court failed to respond within two years, at which point Petitioner applied for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal, requesting an order directing the trial court to promptly respond to the application.[31] The state court of appeals ordered the trial court to rule on the application for post-conviction relief.[32] The trial court complied and denied the application.[33]

---

[27] *Id.* at 32
[28] State Rec., Vol. II of III, Transcript of the Judge Trial dated July 1, 2008; State Rec., Vol.; *State v. Quezada*, 141 So.3d 906, 910 (La. App. 4th Cir. 2014).
[29] State Rec., Vol. II of III, Transcript of the Judge Trial dated July 1, 2008
[30] State Rec., Vol. III of III, Uniform Application for Post-Conviction Relief dated March 16, 2010.
[31] State Rec., Vol. III of III, Application for Writ of Mandamus dated June 1, 2012.
[32] State Rec., Vol. III of III, Court of Appeal, Fourth Circuit State of Louisiana Writ Granted dated June 16, 2012; State Rec., Vol. III of III, Application for Writ of Mandamus date June 1, 2012.
[33] State Rec., Vol. II of III, Supplement in Support of Motion to Reconsider at 2 dated May 4th, 2013.

Petitioner then filed a second application for post-conviction relief which again received no timely response from the trial court until a second writ of mandamus was granted.[34] The trial court again denied the application.[35] Petitioner then filed with the trial court a motion for reconsideration, along with a supplemental motion of intent in support, both of which were denied with a written judgment.[36] Finally, Petitioner filed a petition for an out-of-time direct appeal to the Fourth Circuit Court of Appeal, which the trial court granted.[37]

In both his counsel-prepared brief and Pro Se Supplemental Appeal Brief to the Louisiana Fourth Circuit Court of Appeal, the Petitioner raised the following assignments of error: (1) there was insufficient evidence to support his conviction, (2) his conviction was obtained through prosecutorial misconduct, (3) he received ineffective assistance of counsel through a failure to investigate, (4) the trial court erred by imposing a nine-year near maximum sentence without proper justification.[38] The Fourth Circuit found no merit in the assignments of error,

---

[34] State Rec. Vol. II of III, Memorandum in Support of Post-Conviction Relief dated Jan. 12, 2013; State Rec., Vol. II of III, Order No. 2013-k-0505 Writ Granted dated April 25th, 2013.

[35] State Rec., Vol. I of III, Judgment on Post-Conviction Relief dated April 29th, 2013

[36] State Rec., Vol I of III, Motion for Reconsideration or Notice of Intention dated May 2nd, 2013, Judgment on Motion for Reconsideration dated May 21st, 2013

[37] State Rec., Vol. I of III, Grant of Out of Time Appeal dated June 7th, 2013.

[38] *State v. Quezada,* 141 So.3d 906 (La. App. 4th Cir. 2014).; State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014; State Rec., Vol. II of III, Appellant's Original Brief dated Oct. 21st, 2013

and affirmed his conviction on May 2, 2014.[39] Petitioner then filed an application for a supervisory writ from the Louisiana Supreme Court on June 16, 2014.[40] That application was denied on January 13, 2015.[41]

In his federal petition for habeas corpus relief, Petitioner raises the same four claims asserted in his appeal to the Louisiana Fourth Circuit Court of Appeal.[42]  The state responded to the petition on May 6, 2015, arguing that Petitioner failed to demonstrate entitlement to the relief requested.[43] Petitioner replied on May 27, 2015.[44] The matter was referred to Magistrate Judge Shushan, who issued a Report and Recommendation on May 18, 2015, recommending that the petition be dismissed with prejudice.[45]

On May 29, 2015 Petitioner timely filed objections to the Report and Recommendation.[46] Petitioner argued: (1) that the Report and Recommendation failed to consider his Pro Se Supplemental Appeal Brief filed with the state court of appeal, (2) the Report and Recommendation did not mention D.M's truck

---

[39] *State v. Quezada*, 141 So.3d 906 (La. App. 4th Cir. 2014).
[40] State Rec., Vol. II of III, Application for Supervisory Writ to the Court of Appeal, Fourth Circuit, No. 2013-KA-1318, From the Criminal District Court Orleans Parish, No:475-213, Section "K" Arthur Hunter, Jr. Judge dated June 16th, 2014.
[41] State Rec., Vol. I of III, Writ Denied 2015 dated Jan. 23rd, 2015.
[42] Rec. Doc. 1-3; State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014.
[43] Rec. Doc. 11
[44] Rec. Doc. 11,13
[45] Rec. Doc. 12
[46] Rec. Doc. 14

stop friend was a prostitute and the truck stop itself part of a prostitution ring, (3) Petitioner was arrested without a warrant and Miranda warning, (4) Petitioner involuntarily waived his right to a jury trial due to ineffective assistance of counsel, and (5) ineffective assistance for failure to investigate with citations of general principles of law absent facts or evidence.[47]

<u>Law and Analysis:</u>

I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is the determinative legislation in this Court's review of habeas corpus petitions pursuant to § 2254. 28 U.S.C. § 2254(d) (2015). AEDPA establishes two prerequisites to permitting this Court to review a federal habeas petition: (1) The petition must be timely filed, and (2) the petitioner must first exhaust state court remedies for any claim based on federal law raised in the federal habeas proceedings. *Id.* To satisfy the exhaustion requirement, the petitioner must fully and fairly present the claim in each appropriate state court by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 110 S. Ct. 1728, 1732-33 (1999). Furthermore, although the petitioner does not need to "spell out each syllable of the claim" to the state

---

[47] *Id.*

court, the petitioner may not bring new legal theories or factual claims in his federal habeas petition that he did not raise in the state appellate process. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Factual determinations made by state courts are presumed to be correct when reviewed under § 2254 unless the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," 28 U.S.C. § 2254(d). Thus, the burden lies with petitioners to rebut the presumption of correctness with "clear and convincing evidence." 28 U.S.C. § 2254(d)

When reviewing pure questions of law and questions of mixed law and fact, the Court must defer to the state court's decision, unless the decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Supreme Court has held that a decision is "contrary to" established law when (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that of the Supreme Court decision. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000). An unreasonable application of federal law by a

state court occurs when: (1) the state court unreasonably applies the correct governing legal rule to the facts of the particular case (2) the state court unreasonably extends a legal principle from precedent to a new context where it should not apply or (3) the state court unreasonably refuses to extend that principle to a new context where it should apply. *See Id.* at 1520. An objectively unreasonable application of Supreme Court precedent is not to be confused with a wrong application. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014); *see also Williams,* 120 S. Ct. at 1522 ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable."). AEDPA affords a high degree of deference to state court decisions which few petitioners can overcome. *Amos v. Thornton*, 646 F.3d 199, 204 (5th Cir. 2011).

II. <u>Review of Magistrate's Report and Recommendation</u>

Magistrate Judge Shushan's Report and Recommendation recommended dismissal of Petitioner's application with prejudice.[48] District Courts reviewing a Magistrate Judge's report and recommendation may accept all sections of the report not properly objected to by either party. 28 U.S.C. § 636(b)(1).

---

[48] Rec. Doc. 12

Properly objected to portions of a magistrate's report and recommendation are reviewed de novo by this Court. Fed. R. Civ. P. 72(b)(3). Un-objected to portions are reviewed for clear error. 28 U.S.C. 636 (b)(1). General conclusory arguments, non-specific objections, and re-urged arguments do not warrant de novo review and are reviewed for clear error. *See Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993)(affirming district court's decision declining de novo review of objection where petitioner re-urged same arguments from original petition brief); *see also Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987)("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court."(quoting *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982))).

Here, Petitioner properly raised the following objections to the Report and Recommendation's conclusions: (1) denial of right to jury trial due to ineffective assistance of counsel, (2) violation of Fourth and Fifth Amendment rights through warrantless arrest conducted without *Miranda* warning, (3) the Report and Recommendation's failure to consider arguments raised in Petitioner's supplemental pro se appellate brief, and (4) the Report and Recommendation's failure to note that D.M.'s friend

and the truck stop were involved in prostitution.[49] These claims have been properly objected to and this Court will review them de novo. However, Petitioner also "re-urges" certain arguments contained in his Pro Se Supplemental Appeal Brief without articulating specific objections to or arguments against the Report and Recommendation's conclusions on issues, including: ineffective assistance of counsel for failure to investigate, prosecutorial misconduct, and sentencing errors.[50] This Court reviews such sections for clear error.

III. Analysis

Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is a mixed question of fact and law in which the state court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004). The Supreme Court established a two prong test for ineffective assistance of counsel claims in *Strickland v. Washington*. *Strickland v. Washington*, 104 S. Ct. 2052, 2065 (1984). In order to show ineffective assistance, the petitioner must prove by a preponderance of the evidence first, that his counsel's representation "fell below an objective standard of reasonableness," and second, that counsel's deficient performance prejudiced the defense. *Id.* at 2064. To prove

---

[49] Rec. Doc. 14
[50] Rec. Doc. 14

12

prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. The petitioner must satisfy both prongs of the test to be granted relief. *Id.; see Kately v. Cain,* 704 F.3d 356 (5th Cir. 2013). In addition, the Supreme Court has made clear the *Strickland* analysis is "highly deferential," allowing wide latitude in the presumption of reasonable assistance of counsel. *Strickland,* 104 S. Ct. at 2065. To prevail, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S. Ct. at 2065 (quoting *Michel v. State of La.*, 76 S. Ct. 158, 164 (1955)).

If the claim was adjudicated on the merits by the state court, the petitioner must also surmount the strict standard of AEDPA, which exacts a high degree of deference to state court decisions under federal habeas corpus review. *See Harrington v. Richter*, 131 S. Ct. 770, 786 ("It bears repeating that even a strong case for relief does not mean the state's contrary conclusion was unreasonable. . . . If this standard is difficult to meet that is because it was meant to be."); *White*, 134 S. Ct. at 1701 (2014).

In the Fifth Circuit, courts review each ineffective assistance claim independently for exhaustion. *Wilder v.*

*Crockell*, 274 F.3d 255, 261 (5th Cir. 2001)(citing *Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998)).

A. <u>Involuntary Waiver of Right to Jury Trial due to Ineffective Assistance of Counsel</u>

In his objections to the Magistrate's report, Petitioner alleges he was denied his right to a jury trial due to ineffective assistance of counsel. This is the first instance in state and federal proceedings in which the Petitioner has raised this claim. The petitioner first raised a claim of involuntary waiver of right to jury trial in his Memorandum of Law in Support of Post-Conviction Relief separately and without mention of ineffective assistance of counsel as the cause.[51] In support of the claim, he stated that "no valid waiver can be said in this case" due to his low capability in the English language.[52] The application for post-conviction relief was denied by the trial court; however, the trial court neglected to address the claim in its written judgment.[53] Subsequently, The Petitioner failed to raise the claim on direct appeal to the Louisiana Fourth Circuit Court of Appeal.[54] Instead, he waited to raise it

---

[51] State Rec., Vol. II of III, Memorandum of Law in Support of Post-Conviction Relief dated Jan. 12th, 2013 ("(4) Does a criminal defendant have the constitutional right to a jury trial? (5) "Does a criminal defendant have the constitutional right to effective assistance of counsel?").
[52] *Id.*
[53] State Rec., Vol. I of III, Judgment on Post-Conviction Relief dated April 29th, 2013
[54] State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014; State Rec., Vol. II of III, Appellant's Original Brief dated Oct. 21st, 2013

to the Louisiana Supreme Court in his application for a supervisory writ, which was denied without discussion.[55] In his federal petition for habeas corpus filed with this Court, he once again did not raise the issue, and raises it for the first time to this Court in his objections to the Magistrate's Report and Recommendation, claiming he involuntarily waived his right to jury trial due to ineffective assistance of counsel.[56]

First, this claim presents a procedural issue because Petitioner has raised the claim in the first instance in his objections to the Report and Recommendation. It is well-established in the Fifth Circuit, that new claims raised in objection to a magistrate judge's report and recommendation are not properly before the district court and are left to the discretion of the Court to address. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) (holding that when the state waited to claim procedural default and exhaustion in objections after the issuance of the Magistrate's Report and Recommendation, the argument was waived); *U.S. v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) ("Instead, Armstrong first argued these issues in his objections to the magistrate judge's

---

[55] State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014; State Rec., Vol. II of III, Appellant's Original Brief dated Oct. 21st, 2013; State Rec., Vol. II of III, Application for Supervisory Writ to the Court of Appeal, Fourth Circuit, No. 2013-KA-1318, From the Criminal District Court Orleans Parish, No:475-213, Section "K" Arthur Hunter, Jr. Judge dated June 16th, 2014.
[56] Rec. Doc. 1-2; Rec. Doc. 14

findings, conclusions, and recommendations. These issues were not properly before the district court therefore this court will not address them."). A district court may entertain additional arguments or facts not raised first before the magistrate in cases if a party's new assertion amplifies upon an already existent claim or introduces new evidence with good reason for the default. *See Freeman v. Cnty. Of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). However, without prior review from the Magistrate Judge, entirely new arguments and facts raised in the first instance to the district court are typically waived in keeping with principles of judicial efficiency and appellate review. *See Cupit*, 28 F.3d at 535 (citing *Long v. McCotter*, 792 F.2d 1338, 1345 (5th Cir. 1986)).

In the case at hand, Petitioner did not include this claim in his federal habeas petition or in his briefs to the court of appeal.[57] This inaction precluded the opportunity for the Magistrate Judge to hear the issue prior to its presentation before the district court judge, which violates the very principle of appellate review stressed in *Cupit*. *See Cupit* 28 F.3d 532 ("Congress intended that the magistrate judge hear all arguments of the parties and take all evidence . . . it does not allow the parties to raise at the district court stage new

---

[57] State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014; State Rec., Vol. II of III, Appellant's Original Brief dated Oct. 21st, 2013; Rec. Doc. 1-2.

evidence, argument, and issues that were not presented to the magistrate judge."(citing *Anna Read Mic, Inc. v. N.E. Pierson Construction Co.,* 747 F.Supp. 1299, 1302-1303 (S.D.Ill.1990))). The Petitioner did argue in post-conviction proceedings with the state trial court that he was denied a right to jury trial.[58] However, a claim of ineffective assistance of counsel is based upon the *Strickland* test; whereas denial of right to jury trial claims are decided upon 'the unique circumstances of each case' to determine whether the defendant waived their right expressly and intelligently. *Adams v. U.S. ex rel McCann*, 63 S. Ct. 236, 241 (1942); *see also Strickland*, 104 S. Ct. 2052; *Pierre v. Leger*, 495 Fed. App'x. 403 (5th Cir. 2012) (citing *Brady v. United States*, 90 S.Ct. 1463, 1468-69 (1970)). Petitioner did not raise the claim until objections, the claim does not serve to amplify or augment an existing claim, nor does Petitioner offer any good reason to overlook the discrepancy. Therefore, the claim is not properly before this Court; nevertheless, because the claim is precluded for other reasons, this Court need not conclusively resolve this issue.

Second, the petitioner must have exhausted the claim in the state courts in order to raise it in federal habeas proceedings. *Whitehead*, 157 F.3d at 387. Petitioner may attempt to argue the claim was exhausted in the state's highest court because he

---

[58] State Rec. Vol. II of III, Memorandum in Support of Post-Conviction Relief dated Jan. 12, 2013

raised the question in his application for a supervisory writ to the Louisiana Supreme Court.[59] In order to be properly exhausted, the claim raised in federal court must "be substantially equivalent" to that raised in the state court process. *See Gribble v. Johnson,* No. 98-40927, 1999 WL 800203, at *7 (5th Cir. 1999) (citing *Whitehead*, 157 F.3d at 387). Although the federal claim may be based upon the same "operative facts," the underlying legal theory substantiating both the federal and state claims must be the same. *Id*. In addition, a habeas petitioner may not combine two claims presented separately to the state court into one new issue in federal court for the purposes of exhaustion. *See Wilder*, 274 F.3d at 261 (denying claims that were distinct "legally and logically" for exhaustion purposes). Here, not only do the two claims presented rely upon different underlying legal theories, but Petitioner commits the error described in *Wilder* by combining his previously separate ineffective assistance claim and denial of right to jury trial claim into one, presenting a new issue to the federal court under the guise of a previously exhausted claim. *See id.* Thus, Petitioner's claim of denial of right to jury trial due to ineffective assistance is unexhausted.

---

[59] State Rec., Vol. II of III, Application for Supervisory Writ to the Court of Appeal, Fourth Circuit, No. 2013-KA-1318, From the Criminal District Court Orleans Parish, No:475-213, Section "K" Arthur Hunter, Jr. Judge dated June 16th, 2014.

Supposing the Court views the current issue raised in objections as the "substantial equivalent" to the denial of right to jury claim raised by Petitioner in the state trial court and Louisiana Supreme Court, Petitioner still did not raise a denial of right to jury trial claim before the Louisiana Fourth Circuit Court of Appeal, thereby skipping a step in the "one complete round" of the state's established review process. *O'Sullivan*, 119 S. Ct. at 1732-33; *see Baldwin v. Reese,* 124 S. Ct. 1347, 1351 (2004) (petitioner must fairly present his claims "in each appropriate state court" as established by state procedure); *Wilson v. Warden, Riverbend Det. Ctr.*, No. 11-CV-0355, 2014 WL 1315557, at *3 (W.D. La. Mar. 31, 2014) ("Attorneys who represent the state often mistakenly assume that because a case has progressed to the Supreme Court of Louisiana, claims have been exhausted. Claims are not exhausted, however, unless they are properly presented in the Petitioner's briefs at each level of the state court system, either on appeal or post-conviction." (citing *Smith v. Digmon*, 98 S. Ct, 597 (1978))). Louisiana law requires prisoners seeking post-conviction relief or direct appeal to first raise their claims before the court of appeal prior to requesting relief from the Louisiana Supreme Court. *See* La. Code Crim. Proc. Ann. art. 930.6. Petitioner did not claim a denial of right to jury trial in his briefs to the court of appeals, nor did he seek a supervisory writ to review

the trial court's denial of post-conviction relief.[60] Therefore due to the aforementioned, the Petitioner's denial of right to jury claim is unexhausted as well.

As the foregoing reveals, Petitioner's claim of denial of his right to jury trial via ineffective assistance is likely not properly before this Court, and the claim likely was also unexhausted. In an abundance of caution, however, the Court will review the independent jury right and ineffective assistance claims de novo.

In his objections, the Petitioner argues that he was denied his right to a jury trial due to ineffective assistance of counsel.[61] In order to succeed on the claim, the Petitioner must prove counsel's performance fell below an objectively reasonable standard and that the alleged deficiency prejudiced the defense. *Strickland*, 104 S. Ct. at 2065. Here, Petitioner fails to offer any facts to show that the decision to opt for a bench trial constituted deficient performance and was not within the range of "sound trial strategy". *See Strickland*, 104 S. Ct. at 2066 (quoting *Michel*, 76 S. Ct. at 164); *Green v. Lynaugh*, 868 F.2d 176, 178 (5th Cir. 1989) (holding that defense counsel advising client facing armed robbery charge to opt for a bench trial was within range of reasonable strategy, and the circumstances were

---

[60] State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014; State Rec., Vol. II of III, Appellant's Original Brief dated Oct. 21st, 2013; Rec. Doc. 1-2.
[61] Rec. Doc. 14

devoid of any evidence to show a jury would render a different outcome), *overruled on other grounds by Daniels v. United States,* 254 F.3d 1180, 1188 (10th Cir.2001). Petitioner offers only general conclusory statements to support his allegations.[62] Contrary to his assertions, the record does not reflect a scintilla of evidence to demonstrate deficient performance: Petitioner was directly asked by the judge if he was waiving his right to a jury, verbally waived the right himself, verbally acknowledged that he consulted his attorney about the waiver, and he offers no evidence to reflect that his counsel failed to properly educate him on his rights or even advised him to waive them. *See Loden v. McCarty*, 778 F.3d 484 (5th Cir. 2015) (denying relief of ineffective assistance where petitioner waived jury right on advice of counsel when record showed court adequately explained rights), *petition for cert. filed*, No. 15-10 (U.S. July 1, 2015). Moreover, the Petitioner failed to state any facts or evidence to show his waiver resulted in prejudice.[63] The record thus establishes that Petitioner's waiver was

---

[62] Rec. Doc. 14 at 6 ("the Facts and the background of the Petitioner shows clearly the right to a jury trial was violated.")

[63] Petitioner claims he is entitled to a presumption of prejudice as iterated in 8th Circuit cases, *Miller v. Dormire* and *McGurk v. Stenberg. Id.* the Fifth Circuit has differed on this issue, holding that in the context of ineffective assistance of counsel claims, a structural error alone is insufficient to afford a presumption of prejudice. *See Virgil v. Dretke,* 446 F.3d 598, 607 (5th Cir. 2006) ("[W]e do not hold that a structural error alone is sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context."); *see also Torres v. Thaler*, 395 F. App'x 101, 103 (5th Cir. 2010).

voluntary and not due to ineffective assistance of counsel, therefore, the claim is meritless.[64]

To address whether the Petitioner involuntarily waived his right to a jury trial, the Court must ascertain whether the waiver was express and intelligent. *Brady v. U.S.*, 90 S. Ct. 1463, 1466 (1970); *see also* U.*S. v. Mendez*, 102 F.3d 126, 130 (5th Cir. 1996); *Dominguez v. Ducote*, Civ. Action No. 13-5915, 2014 WL 5429460, at *5 (E.D. La. Oct. 24, 2014). The Supreme Court has not provided a set of specific colloquies or facts required to ensure a valid waiver of the right to jury trial. *Pierre v. Leger*, 495 F. App'x 403, 410 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1598 (2013). The determination of a valid waiver turns upon "the unique circumstances of the case." *Pierre*, 495 F. App'x at 406 (quoting *Adams*, 63 S. Ct. at 241). The Fifth circuit has indicated a minimum factual threshold for a valid waiver consists of an open inquiry from the judge to which the defendant himself expresses the preference. *Scott v. Cain*, 364 F. App'x 850, 855 (5th Cir. 2010), *cert. denied*, 130 S. Ct. 3519 (2010); *see also Landry v. Hoepfner*, 818 F.2d 1169, 1178 (5th Cir. 1987) (holding waiver involuntary where transcript was "devoid of any discussion between the court and petitioner concerning his express and intelligent waiver").

---

[64] State Rec., Vol. II of III, Transcript of the Judge Trial dated July 1, 2008

In this case, Petitioner reflected his express and intelligent waiver when he verbally affirmed his understanding and revocation of his rights to the judge after a full colloquy on those rights with an interpreter and attorney present.[65] Although Petitioner claims his background compromised his understanding of the proceedings, the law he cites in support is materially distinguishable from his own background. *See Mendez*, 102 F.3d at 131 (finding a waiver invalid where an illegal alien who could not speak any English was never given colloquy on his rights by the judge or his attorney, and was only in the U.S. for a few days). Therefore, due to the aforementioned, the Petitioner's denial of right to jury trial claim is meritless.

B. <u>Ineffective Assistance of Counsel for Failure to Investigate</u>

The Petitioner asserts that he received ineffective assistance of counsel due to his attorney's failure to investigate. This matter was adjudicated on the merits by the state court of appeal.[66] In his objections, the Petitioner failed to object specifically to the Magistrate's findings on this issue and merely cites general principles of law regarding ineffective assistance for failure to investigate without stating any

---

[65] State Rec., Vol. II of III, Transcript of the Judge Trial dated July 1, 2008 at 42-44
[66] State v. *Quezada,* 141 So.3d 906, 910 (La. App. 4th Cir. 2014)

evidence or facts to contradict the report.[67] Therefore, this Court reviews the Magistrate report's findings on the issue for clear error under the guidelines of AEDPA. 28 U.S.C. 636 (b)(1); 28 U.S.C. § 2254(d) (2015); *see Edmond*, 8 F.3d at 293; *Cupit*, 28 F.3d at 535.

To succeed upon a claim of ineffective assistance, the Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance prejudiced his defense. *Strickland*, 104 S. Ct. at 2065. Magistrate Judge Shushan correctly determined that the Petitioner's ineffective assistance claim does not warrant federal habeas relief. The Petitioner attributes his ineffective assistance claim to a number of allegations, including counsel's failure to: call the victim's mother or otherwise investigate D.M.'s story, investigate or bring Deputy Young and D.M.'s friend as witnesses at trial, investigate Petitioner's allegations that D.M. was involved in prostitution at the truck stop, investigate D.M.'s school record, and investigate an alleged conspiracy between the victim and law enforcement.[68] In order to succeed on such a claim, Petitioner must cite evidence in the record to support specific allegations of "what the investigation would have revealed and how it would have altered the outcome of the trial." See *Moawad v. Anderson*, 143 F.3d 942,

---

[67] See Rec. Doc. 14
[68] Rec. Doc. 12

948 (5th Cir. 1998) (citing *U.S. v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). In addition, the Fifth Circuit Court of Appeals has determined that ineffective assistance claims alleging failure to call witnesses are "disfavored in federal habeas review" and petitioners seeking relief must make a significant showing of prejudice by identifying the witness, demonstrating their willingness and availability to testify, revealing the content of the testimony, and showing how the testimony would favor the defense. *See Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010). Neither the Petitioner nor the record provided any evidence to support his allegations of a conspiracy or demonstrate how further investigation would have revealed information beneficial to the defense. The trial court refused to hear evidence on the prostitution issue, rendering any further investigation into the matter irrelevant to the outcome of the trial. Petitioner does not state what further beneficial information would have been gleaned from the mother, D.M.'s friend, or Deputy Young.

There is nothing in the record or the Petitioner's arguments to establish clear error in the Magistrate's conclusions on this issue.

Warrantless Arrest and Lack of Miranda Warning Claims

In his objections to the Magistrate's report, the Petitioner asserted for the first time in federal habeas proceedings that

25

he was arrested absent a warrant and was not read his *Miranda* rights.

Because the Petitioner did not originally state this claim in his application for federal habeas relief, it is not properly before this Court. Claims brought in the first instance of habeas proceedings during objections to the magistrate's report and recommendation are typically considered waived and not properly before this Court. *See Cupit*, 28 F.3d at 535. New claims raised in objections are typically waived in keeping with principles of judicial efficiency and appellate review. *Id*. Because the Petitioner failed to bring the claim in his application for habeas corpus relief, he precluded the Magistrate judge the opportunity to hear it.[69] Therefore, it is at this Court's discretion to review the claim or deem it waived. Nevertheless, because the claim is precluded for other reasons, this Court need not conclusively resolve this issue.

In order to be heard in this Court, the claim must be exhausted in the state courts under the guidelines of AEDPA 28 U.S.C. § 2254(d). Petitioner brought the claim for the first time before the state trial court in his Memorandum in Support of Post-Conviction Relief.[70] However, the Petitioner did not raise the claim to the Louisiana Fourth Circuit Court of Appeal

---

[69] Rec. Doc. 1-2
[70] State Rec., Vol. II of III, Memorandum in support of Post-Conviction Relief.

in his out-of-time direct appeal.[71] After the court of appeals affirmed his conviction, he alleged the claims to the Louisiana Supreme Court in his application for a supervisory writ.[72]

To properly exhaust the claims, the Petitioner must "invoke one full round of the state's established appellate review process." *O'Sullivan*, 119 S. Ct. at 841. Further, the claim must be raised in each step of the state appellate process to properly exhaust it. *See Baldwin*, 124 S. Ct. at 1348. Louisiana law requires supervisory review of post-conviction judgments to be first brought in the Louisiana courts of appeals prior to the Supreme Court. *See* La. Code Crim. Proc. Ann. art. 930.6 (1985). Petitioner never stated the claim in his Pro Se Supplemental Appeal Brief or counsel-prepared brief during direct appeal to the Louisiana Fourth Circuit Court of Appeals, nor did he request a supervisory review of the trial court's judgment on post-conviction relief.[73] Because the Petitioner did not advance the Fourth Amendment claims through the state court appeals process correctly, the claim is unexhausted and therefore under AEDPA, this Court is precluded from hearing it.

---

[71] State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014; State Rec., Vol. II of III, Appellant's Original Brief dated Oct. 21st, 2013
[72] State Rec., Vol. II of III, Application for Supervisory Writ to the Court of Appeal, Fourth Circuit, No. 2013-KA-1318, From the Criminal District Court Orleans Parish, No:475-213, Section "K" Arthur Hunter, Jr. Judge dated June 16th, 2014.; *State v. Quezada*, 159 So.3d 1057(mem), 2014-1328(La. 1/23/15).
[73] State Rec., Vol. II of III, Pro Se Supplemental Appeal Brief dated Jan. 16, 2014; State Rec., Vol. II of III, Appellant's Original Brief dated Oct. 21st, 2013

Incorporation of Pro Se Supplemental Brief

Petitioner objects that the Report and Recommendation did not address or include the Pro Se Supplemental Appeal Brief originally filed with the state court of appeal during his direct appeal. Petitioner stated in his petition that he incorporated the Pro Se Supplemental Appeal Brief and that it should be produced.[74] While the Report and Recommendation did not directly discuss that brief, the analysis relies heavily on the state court of appeal's opinion that directly elucidated all argument and supporting evidence contained therein.[75] Petitioner also does not show in his objections what specifically the Report and Recommendation omitted concerning the content of the brief. Moreover, extensive review of the brief did not reveal any new facts, evidence, or argument overlooked by the Magistrate's report.

No Mention of Prostitution in Magistrate's Report

The Petitioner objects that the Magistrate's report "does not mention the girl/the truckstop, was a prostitution ring." The Magistrate's report does in fact mention Petitioner's allegations that the truck stop was a prostitution ring when it cites the state appellate court's opinion. "[T]he Louisiana Fourth Circuit Court of Appeal rejected Petitioner's ineffective assistance of counsel claims, holding: . . . counsel did not

---

[74] Rec. Doc. 1-2
[75] Rec. Doc. 12 citing *State v. Quezada*, 141 So. 3d at 910-916

investigate Deputy Young or his possible friend, the girl who took D.M. to the police station; 'from the record it clearly appears this allege[d] truck stop was a prostitution ring[.]'"[76] Therefore, Petitioner's objection to the Report and Recommendation is meritless.

## Insufficiency of Evidence

In his objections to the Magistrate's report and recommendations, Petitioner did not specifically object to the report's determination on his claim that he was convicted with insufficient evidence and it was also adjudicated on the merits by the state court of appeal; therefore, the Court reviews the objection for clear error under the guidelines of AEDPA. 28 U.S.C. 636 (b)(1); 28 U.S.C. § 2254(d) (2015); *see Edmond*, 8 F.3d at 293.

The Magistrate Judge properly concluded that a victim's testimony alone is typically sufficient to establish guilt, and federal habeas courts do not normally grant relief based on witness credibility, rather federal habeas courts will primarily defer to the state court's determination of credibility. *See Jackson v. Virginia*, 99 S. Ct. 2781 (1979) (establishing that standard for review of insufficient claims are analyzed with evidence in light most favorable to prosecution and whether the court made a rational decision); *Peters v. Whitley*, 942 F.2s 937

---

[76] Rec. Doc. 12 at 14

(5th Cir. 1991); *Schlup v. Delo*, 115 S. Ct. 851, 868-869 (1995). In the case at hand, Petitioner was convicted based upon the victim's testimony which was established by the state court to be credible.[77] There is nothing in the record to reflect that the state court's determination was unreasonable in order to overcome the bar of AEDPA. Neither the Petitioner nor the records offer any evidence to refute the Report and Recommendation's findings so as to deem them clearly erroneous. Therefore, the Petitioner failed to show the state court's rejection of his claim warranted *habeas* relief under AEDPA.

<u>Prosecutorial Misconduct</u>

In his objections to the Magistrate's report and recommendations, the Petitioner did not specifically object to the report's determination on his Prosecutorial Misconduct claim and the claim was adjudicated on the merits in the state appellate court.[78] Therefore, the claim is reviewed for clear error under the guidelines of AEDPA by this Court. 28 U.S.C. 636 (b)(1); 28 U.S.C. § 2254(d) (2015); *see Edmond*, 8 F.3d at 293.

Petitioner asserts that the officer, D.M., and the prosecutor "put together" the case and knowingly used false testimony and evidence against him.[79] A due process claim based on the state knowingly using false testimony "must show (1) the

---

[77] See State Rec., Vol. II of III, Transcript of the Judge Trial dated July 1, 2008
[78] *Quezada*, 141 So.3d 906
[79] Rec. doc. 14

evidence was false, (2) the evidence was material, and (3) the prosecution knew that the evidence was false. *Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997) (citing *Giglio v. United States*, 82 S. Ct. 763, 765-766 (1972)). The Magistrate Judge correctly concluded that the Petitioner failed to offer any supporting evidence to establish that the prosecutor in the case knowingly allowed D.M. and Officer Coulon to give false testimony or that the testimony was false.[80] Nor did the Petitioner make any showing that the state court's ruling on the issue was unreasonable or contrary to established federal law so as to warrant habeas relief under AEDPA.

Sentencing Error

In his objections to the Magistrate's report and recommendations, the Petitioner did not object to the report's determination on his sentencing error claim and the claim was adjudicated on the merits in the state appellate court. Therefore, the claim is reviewed for clear error under the guidelines of AEDPA by this Court. 28 U.S.C. 636 (b)(1); 28 U.S.C. § 2254(d) (2015); *see Edmond*, 8 F.3d at 293.

The Magistrate Judge was correct in concluding that his sentence was not excessive under federal law. The Supreme Court has held that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v.*

---

[80] Rec. Doc. 12

*Helm*, 463 U.S. 277, 290 (1983). Furthermore, reviewing courts ought to "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* The Fifth Circuit has adopted the Supreme Court's decision in *Rummel v. Estelle* as a benchmark by which excessive sentence claims are judged. *See Rummel v. Estelle*, 100 S. Ct. 1133 (U.S. 1980) (upholding a life sentence on a defendant convicted for "obtaining $120.75 by false pretenses" under a habitual offender statute for three prior felonies); *U.S. v. Gonzalez*, 121 F.3d 928, 943 (5th Cir. 1997) (citing *Rummel*, 100 S. Ct. at 1144-1146). The Magistrate Judge correctly reasoned that because the sentence fell within the guidelines dictated by law (ten years maximum), the serious nature of a sexual offense involving a minor, and the comparison to the benchmark case of *Rummel*, the state court's determination that the sentence was not excessive under federal law was not unreasonable or contrary to existing constitutional law.[81]

---

[81] Rec. Doc. 12

IV. <u>Conclusion</u>

Having considered the record and the applicable law, **IT IS ORDERED** that the Magistrate's Report and Recommendation is **ADOPTED**, overruling the instant objections to the same; the instant habeas corpus petition is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 17th day of August, 2015.


UNITED STATES DISTRICT JUDGE